Case 8:20-cr-00445-PX   Document 1   Filed 12/09/20   Page 1 of 3

KOH
TMS/RRR: USAO 2017R00766

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. PX20CR445 |
| | * | |
| OLAYINKA WAHAB, | * | (Copyright Infringement, 17 U.S.C. |
| a/k/a "Sulaimon Olayinka | * | § 506(a)(1)(A), 18 U.S.C. § 2319; |
| Abdulwahab," | * | Forfeiture, 17 U.S.C. § 506(a), |
| | * | 18 U.S.C. § 2323, 21 U.S.C. § 853(p), |
| Defendant | * | 28 U.S.C. § 2461(c)) |
| | * | |

*******

## INDICTMENT

### COUNT ONE
**(Copyright Infringement)**

The Grand Jury for the District of Maryland charges that:

Between in or about May 2009 and in or about May 2018, in the District of Maryland and elsewhere, the defendant,

**OLAYINKA WAHAB,**
a/k/a "Sulaimon Olayinka Abdulwahab,"

did knowingly and willfully infringe copyrights of copyrighted works for purposes of private financial gain, by the distribution, during a 180-day period, of at least ten copies of one or more copyrighted works, which had a total approximate retail value of more than $2,500.

17 U.S.C. § 506(a)(1)(A)
18 U.S.C. § 2319(a) and (b)(1)

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 2323, in the event of the defendant's conviction on Count One of this Indictment.

2. Upon conviction of the offense set forth in Count One, the defendant,

**OLAYINKA WAHAB,**
a/k/a "Sulaimon Olayinka Abdulwahab,"

shall forfeit to the United States, pursuant to 18 U.S.C. § 2323(b), (a) any article, the making or trafficking of which is prohibited by 17 U.S.C. § 506 or 18 U.S.C. § 2319, (b) any property used, or intended to be used, in any manner or part to commit or facilitate the offense, (c) any property constituting or derived from any proceeds obtained directly or indirectly as a result of the offense.

3. The property to be forfeited includes, but is not limited to, the following:

    a. at least $241,445.57 in U.S. currency in the form of a money judgment;

    b. $20,243.25 in U.S. currency seized from PNC Bank accounts x0605, x1715, x5957, and x8879;

    c. 0.65595896 bitcoins seized from Coinbase account ending in c1c4;

    d. $230.40 in U.S. currency seized from PayPal account ending in x4279;

    e. The following items seized during the execution of a search warrant of the defendant's residence on or about May 30, 2018:

        i. one Dell Laptop Computer, bearing serial number 7Q5RXH1;

        ii. one Dell Laptop Computer, bearing serial number B8ZRPF2;

        iii. one Samsung Cell Phone, bearing International Mobile Equipment Identity ("IMEI") 355018080614863;

        iv. one Samsung cellular phone, bearing IMEI 356164076033897;

   v.  one Brother Printer, Model HL-L2360DW;

   vi.  one Canon Printer, Model MX392; and

   vii.  589 counterfeit DVDs.

### Substitute Assets

4. If any of the property described above as being subject to forfeiture, as a result of any act or omission of any defendant:

  a. cannot be located upon the exercise of due diligence;

  b. has been transferred or sold to, or deposited with, a third person;

  c. has been placed beyond the jurisdiction of the Court;

  d. has been substantially diminished in value; or

  e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2323(b)(2)(A) and 28 U.S.C. § 2461(c), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

17 U.S.C. § 506(a)
18 U.S.C. § 2323
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

*Robert N. Hur (TMS)*
Robert K. Hur
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**

Foreperson

Date: December 9, 2020

3